UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
MELANIE WAYS, on behalf of         :
JOHN WAYS, JR.,                    :
                                   :
        Petitioner,                :   Civ. No. 19-13691 (NLH)
                                   :
    v.                             :   OPINION
                                   :
WARDEN, FCI FORT DIX,              :
                                   :
        Respondent.                :
_____:

APPEARANCE:
Melanie Ways
2511 Bretigne Circle
Lincoln, NE 68502
    Petitioner Pro se

HILLMAN, District Judge

   Melanie Ways seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security. Ms. Ways seeks to exercise a power of attorney for and on behalf of Petitioner John Ways Jr., a prisoner presently incarcerated at the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey.[1] See ECF No. 1 (petition).

Filing Fee

   The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is

---

[1] The Court makes no ruling on whether Ms. Ways may bring such an action on behalf of Petitioner Ways at this stage of the litigation, as the Court is only assessing whether the filing fee requirement has been satisfied.

required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. Petitioner must either prepay the $5.00 filing fee or submit a complete application to proceed in forma pauperis.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this action without

prejudice.[2]  Petitioner will be granted leave to re-open within thirty (30) days, by paying the filing fee of $5.00, or submitted a completed application to proceed in forma pauperis. An appropriate Order will be entered.

Dated: July 22, 2019            s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).